IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD JOHNSON, | ) | |
| #155 003, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CIVIL ACTION NO.: 2:11-CV-1001-TMH |
| | ) | [WO] |
| SHERIFF D.T. MARSHALL, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Charles Johnson died during the pendency of this action. Pursuant to the provisions of Rule 25, *Federal Rules of Civil Procedure*, Defendants Bates Gurley, and Johnson filed a suggestion of death for Plaintiff Johnson on March 13, 2014. *See Doc. No. 44*. More than ninety days has passed since the suggestion upon the record of the death of Plaintiff Johnson was made by service of a statement of the fact of death and no motion for substitution has been filed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

    1.  Plaintiff Johnson be DISMISSED as a party to this cause of action;

    2.  This action be DISMISSED with prejudice under Rule 25(a)(1), *Federal Rules of Civil Procedure*;

    3.  No costs be taxed.

It is further

ORDERED that on or before **July 8**, **2014**, the parties may file an objection to the

Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of June, 2014.

                                            /s/Charles S. Coody
                                          CHARLES S. COODY
                                          UNITED STATES MAGISTRATE JUDGE